UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER RENEE SLOUGH,

       Petitioner,                               Case Number 07-13964
                                                         Honorable David M. Lawson

v.

CLARICE STOVALL,

       Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Jennifer Renee Slough, presently confined at the Huron Valley Complex in Ypsilanti, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of one count of assault with intent to rob while unarmed, Mich. Comp. Laws § 750.88, and one count of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, following a guilty plea in the Genesee County, Michigan Circuit Court, and he was sentenced to concurrent prison terms. The petitioner alleges that the state trial court incorrectly scored several offense variables under the Michigan Sentencing Guidelines. The respondent has not yet filed a response to the petition. The Court finds that the issue of mis-scoring the state sentencing guidelines is not cognizable on habeas review and will dismiss the petition. *See* Rule 4, Rules Governing Section 2254 Cases.

I.

The petitioner's conviction arises out of an attempted robbery executed by the petitioner and her boyfriend, Billy Vance. The petitioner entered the Clio Eagles Club, ostensibly to use the telephone. She then struck the victim two or three times in the head with a hammer, intending to render him unconscious. The victim escaped to his car after fending the petitioner off by grabbing

a pool stick.

On April 27, 2005, the petitioner pleaded guilty and the state court sentenced her on May 26, 2005, to seventy-eight months to fifteen years in prison on the assault with intent to rob unarmed conviction and four to ten years in prison on the assault with intent to do great bodily harm conviction.

The petitioner filed an application for leave to appeal in the Michigan Court of Appeals, presenting the single issue that she was entitled to re-sentencing where the scoring of the offense variables was incorrect. The Michigan Court of Appeals denied the delayed application for leave to appeal for "lack of merit in the grounds presented." *People v. Slough,* No. 270586 (Mich. Ct. App. July 3, 2006). The petitioner then filed an application for leave to appeal in the Michigan Supreme Court presenting the same claim presented to the court of appeals. The supreme court denied leave to appeal because it was "not persuaded that the question presented should be reviewed by this Court." *People v. Slough,* 477 Mich. 945, 723 N.W. 2d 848 (2006).

The petitioner has now filed a petition for writ of habeas corpus in which she seeks habeas relief on the following ground:

> Petitioner is entitled to resentencing where the scoring of the offense variables was incorrect.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) ( internal quotes omitted)).

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court

defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 410-11. *See also Davis v.Coyle,* 475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby,* 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell,* 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins,* 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

It is well settled, therefore, that federal courts may not upset a state conviction unless the prisoner can point to a *federal* right that has been abridged. The habeas corpus procedure is not merely another appellate avenue for a state prisoner. The prisoner's custody must be a violation of a right under the Constitution or federal law before federal courts my intercede.

The petitioner contends that the trial court incorrectly scored several of the offense variables of the Michigan Sentencing Guidelines. It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). The petitioner's argument that the trial court erred in scoring offense variables of the state sentencing guidelines raises an issue of state law only. It does not implicate any *federal* rights. "A federal court may not issue the writ on the basis of a perceived error of state law," *Pulley v. Harris*, 465 U.S. 37, 41 (1984), and a claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

III.

It plainly appears from the petition that the petitioner is not entitled to relief from a federal district court. The petitioner has not established that she is presently in custody in violation of the Constitution or laws of the United States, and therefore is subject to summary dismissal. *See* Rule 4, Rules Governing Section 2254 Cases.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt. #1] is **DISMISSED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: January 28, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 28, 2008.

s/Felicia M. Moses
FELICIA M. MOSES

---